IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN ROY ALEXANDER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-3051 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

State inmate John Roy Alexander filed a *pro se* section 2254 habeas petition challenging his 2010 conviction and twelve-year sentence for robbery involving bodily injury. Respondent filed a motion to dismiss based on expiration of limitations (Docket Entry No. 10), to which petitioner filed a response (Docket Entry No. 11).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS the motion to dismiss and DISMISSES this case for the reasons that follow.

*Procedural Background and Claims*

Petitioner pleaded guilty to robbery involving bodily injury and was sentenced to twelve years' incarceration on October 28, 2010. The trial court certified that petitioner had no right to appeal under state law. Nonetheless, petitioner filed an untimely notice of appeal on May 4, 2011, and the appeal was dismissed on June 23, 2011, for want of jurisdiction based on the trial court's certification of no right to appeal. *Alexander v.*

*State*, No. 01-11-00446-CR, 2011 WL 2505055, *1 (Tex. App.—Houston [1st Dist.] June 23, 2011, no pet.). No petition for discretionary review was filed. Petitioner's first application for state habeas relief, filed during pendency of his direct appeal, was dismissed as premature on October 5, 2011. Petitioner's second habeas application, filed on February 7, 2013, was denied by the Texas Court of Criminal Appeals on August 21, 2013.

Petitioner filed this federal petition on October 10, 2013. Respondent argues that petitioner's claims are barred by limitations.

*Limitations Analysis*

Under 28 U.S.C. § 2244(d), federal habeas petitions are subject to the following one-year limitations period:

> (d)(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

Because petitioner had no right to pursue an appeal under state law, his direct appeal did not extend commencement of limitations, and his conviction became final on October 28, 2010, or arguably, thirty days later on November 27, 2010. Even under the most liberal of calculations, and providing petitioner the benefit of all arguable computations, the instant petition would remain untimely. If petitioner's direct appeal were to extend commencement of limitations, his conviction arguably would have become final thirty days later, on July 23, 2011, and the federal one-year limitation would have expired on July 23, 2012. The instant petition, filed on October 10, 2013, is untimely under all of these computations, unless petitioner tolled limitations by submitting a properly filed application for state habeas relief. 28 U.S.C. § 2244(d)(2).

Petitioner's first state habeas application was dismissed as premature, and had no tolling effect. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Larry v. Dretke*, 361 F.3d 890, 895 (5th Cir. 2004). Petitioner's second state habeas application, filed on February 7, 2013, was filed after expiration of limitations and afforded petitioner no tolling benefit.

3

*See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000). Thus petitioner's federal petition is untimely and barred by limitations.

In his response to the motion to dismiss, petitioner argues that his petition is timely because "extra-ordinary circumstances existed prior to the petitioner/defendant in this case being compelled to enter into a plea involuntarily and against his will." (Docket Entry No. 11, p. 2, redundant brackets omitted.) Specifically, petitioner contends that an alleged conflict or disagreement with trial counsel, and the trial court's failure to grant him new counsel in 2010, constituted an impediment or state action that prevented his filing the instant petition in a timely manner. *Id.*, p. 3. However, neither petitioner nor the record shows how any conflict with trial counsel existing prior to petitioner's plea in 2010 caused him to file an untimely federal habeas petition in 2013. Accepting as true petitioner's assertions of dissatisfaction with trial counsel, and in light of the trial court's failure to appoint him substitute counsel, petitioner still fails to establish that such alleged impediment or state action prevented him from timely filing the instant petition. The petition is time barred.

*Conclusion*

Respondent's motion to dismiss (Docket Entry No. 10) is GRANTED, and this case is DISMISSED WITH PREJUDICE as barred by limitations. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on February 13, 2014.

_____
Gray H. Miller
United States District Judge